WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Alvin Franke Bennett,<br><br>    Defendant/Movant. | No.  CV 15-8046-PCT-SMM (MHB)<br>      CR 07-0238-PCT-SMM<br><br>**O R D E R** |

On March 30, 2015, Movant Alvin Franke Bennett, an inmate in the United States Penitentiary-Lewisburg in Lewisburg, Pennsylvania, filed an unsigned *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) and a Motion and Affidavit for Permission to Appeal *In Forma Pauperis* (Doc. 2). On April 6, 2015, the Court gave Movant 30 days to file a signed certificate that would satisfy the verification requirement set forth in 28 U.S.C. § 2242, Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, Rule 11(a) of the Federal Rules of Civil Procedure, and Rule 3.5(a) of the Local Rules of Civil Procedure. On April 20, 2015, Movant filed a Certificate (Doc. 5) verifying the contents of his § 2255 Motion. The Court will summarily deny the § 2255 Motion. Movant's Motion and Affidavit for Permission to Proceed *In Forma Pauperis* will be denied as moot.

**I.     Motion and Affidavit for Permission to Appeal *In Forma Pauperis***

Because this is a § 2255 action, not an appeal, the Court will construe Movant's Motion and Affidavit for Permission to Appeal *In Forma Pauperis* as a Motion to

1 Proceed *In Forma Pauperis* in the § 2255 action. There is no filing fee associated with a
2 § 2255 Motion. *See* Rule 3, Rules Governing § 2255 Proceedings, Advisory Comm.
3 Notes (1976) ("There is no filing fee required of a movant under these rules."").
4 Accordingly, Movant's Motion to Proceed will be denied as moot.

## II. Procedural History

Pursuant to a plea agreement, Movant pled guilty to Crime on an Indian Reservation, Second Degree Murder, in violation of 18 U.S.C. §§ 1153 and 1111. The plea agreement provided for a sentencing range of 240 to 360 months. On August 6, 2007, the Court sentenced Movant to a 288-month term of imprisonment followed by 5 years on supervised release.

Movant asks the Court to "vacate . . . or correct [his] current conviction." In Ground One of the Motion, he argues that this Court lacked jurisdiction under 18 U.S.C. § 1153 ("Offenses committed within Indian country") because the government failed to prove Movant's Indian status beyond a reasonable doubt. In Ground Two, Movant argues that the Court erred by allowing an unauthenticated certificate of Indian blood to be entered into evidence as proof of Movant's Indian status.

## III. Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

. . . .

. . . .

- 2 -

## IV. Waiver

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of the sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*,

396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of Movant's plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant. **The defendant further waives:** . . . **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case**.

(Doc. 15) (emphasis added). Movant indicated in the plea agreement that he had discussed the terms with his attorney, that he had agreed to the terms and conditions therein, and that he was entering into the plea voluntarily. (Doc. 15). And following the imposition of sentence, Movant acknowledged on the record that he had been sentenced in accordance with the terms of the plea agreement.

Movant's assertions in the § 2255 Motion do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the entry of judgment against him and the imposition of sentence. In addition, he expressly waived the right to bring a § 2255 motion. The Court accepted the plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in the § 2255 Motion, and the Motion will be summarily denied.

**IT IS ORDERED:**

(1) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 16 in CR 07-0238-PCT-SMM ) is **denied** and the civil action opened in

connection with this Motion (CV 15-8046-PCT-SMM (MHB)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2) The Court construes Movant's Motion and Affidavit for Permission to Appeal *In Forma Pauperis* (Doc. 2) as a Motion to Proceed *In Forma Pauperis* in this § 2255 action. So construed, the Motion is **denied as moot**.

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 17th day of June, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge